ROBERTS (COOPER v.). See Case No. 3,-201.

---

## Case No. 11,898.
### ROBERTS v. DALLAS.
[Bee, 239.] [1]

District Court, D. South Carolina.    March 20, 1807.

SEAMEN — SUIT FOR ASSAULT AND FALSE IMPRISONMENT — PREVIOUS MISCONDUCT — DISCHARGE.

The voyage being ended, the captain might have discharged the offending seaman, the actor. But, having again taken him on board, was not justified in assaulting and imprisoning him, without any new crime.

[Cited in Fuller v. Colby, Case No. 5,149; New Jersey Steam-Nav. Co. v. Merchants' Bank, 6 How. (47 U. S.) 430, 432.]

BEE, District Judge. It appeared in this case that the actor Roberts shipped on board the Norfolk on a voyage from Charleston to the coast of Africa; but the articles go no further. The court, therefore, in a late suit for wages, decreed that the voyage had ended on the 21st October, when the vessel arrived on the coast. At this period, in consequence of some highly improper behaviour of Roberts, the captain was compelled to apply to the only tribunal that existed there, for assistance, which was granted. From that time, Roberts did no further duty on board, and his wages were discontinued. This the court sanctioned, because the articles were at an end, the actor refused to work, and went so far as to resist the captain and seize his person. Such conduct amounted to a forfeiture of every claim as regarded the vessel, even for a passage back; he might have been turned ashore, and would have been without redress. As this was not done, it will be necessary to state circumstances as they took place. Upon the captain's application for assistance, a corporal and four men were sent to him. Roberts refused to give himself up, and went down the scuttle. The captain ordered the soldiers to fire on him, but they, very properly, declined. He next

desired them to knock him down; but this, too, they refused to do; on which he himself advanced against Roberts, and struck him with a drawn sword on the left breast. Roberts exclaimed: "You have done for me." The captain then dragged him out, and carried him to the cabin, where he dressed his wound and gave him a dram; after which he sent him ashore under the guard of the soldiers. Roberts was subsequently tried by a court martial, and sentenced to receive a hundred lashes for mutiny on board this vessel; but the punishment was withheld at the captain's request, who brought him again on board the vessel, put him in irons, and kept him for some time on prisoner's allowance: on the arrival of the vessel in this port, he was suffered to come on shore. The suit is brought for an assault and false imprisonment. The facts are admitted; but the captain pleads that he was knocked down by Roberts, that his crew were mutinous, and that the wound he inflicted upon the actor was accidental, and without intention. It was, at any rate, unjustifiable at the time it was given, for he was then assisted by a strong guard, and Roberts was endeavouring to get out of his way. This rash step would have had a very different complexion, if it had been taken at the moment the captain was knocked down. The wound, however, though it might have been fatal, seems to have been attended with no great danger. The subsequent confinement of this man in irons was also unjustifiable; the contract was at an end, and the man's behaviour so improper as to discharge the captain from any sort of obligation to bring him back. If, therefore, he voluntarily received him on board, he had no right or authority to confine him, unless fresh signs of mutiny or misbehaviour had appeared; but this is not pretended. The assault and imprisonment are, of course, fully proved, and damages must be awarded. I am of opinion, however, that this misconduct of the captain is considerably mitigated by the former conduct of Roberts, and by the remission of a hundred lashes awarded by the court martial, which was obtained by the captain's intreaty. I decree, therefore, that the latter pay to the actor the sum of fifty dollars, with the costs of suit.